**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Eder,<br><br>                Plaintiff,<br><br>v.<br><br>Northern Arizona Consolidated Fire District #1, *et al.*,<br><br>                Defendants. | No. CV-19-8101-PCT-JJT<br><br>**ORDER** |

At issue is Defendants Northern Arizona Consolidated Fire District #1 ("NACFD"), Mike Collins, Erik Berg, Carl Hays, John Bryant, and Jim Bailey's Motion to Dismiss and Compel Arbitration (Doc. 30, Mot.), to which Plaintiff filed a Response (Doc. 35) and Defendants filed a Reply (Doc. 37).

The dispositive issue before the Court is whether Plaintiff's employment agreement ("the Agreement") with NACFD is within the scope of Section 2 of the Federal Arbitration Act. More specifically, the Court must determine whether the Agreement is one "evidencing a transaction involving commerce." *See* 9 U.S.C. § 2. The Supreme Court interprets the scope of this provision as co-extensive with Congress's power under the Commerce Clause. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 274–75 (1995). In other words, quite broadly—the "functional equivalent of 'affecting interstate commerce.'" *Id.*

In their briefs, the parties submitted no evidence—save for a copy of the Agreement itself—to support their respective positions on whether the Agreement affects interstate

commerce. Defendants merely recite the job duties of the Fire Chief generally, as enumerated in the Agreement. In doing so, Defendants argue that the Agreement "necessarily implicate[s] interstate commerce." (Reply at 4.) Plaintiff states in a conclusory fashion that "none of the duties identified in the Agreement involve interstate commerce." (Resp. at 4.)

As Fire Chief, Plaintiff's duties included "arrang[ing] for the acquisition and purchase of equipment, supplies, and services necessary for the operation of NACFD" and "hiring . . . any and all new full time, part time, volunteer, and reserve personnel." (Mot., Ex. A at 3.) Contrary to Defendants' position, these descriptions as listed do not *necessarily* implicate interstate commerce.[1] The standard is whether the Agreement affects interstate commerce "in fact." *Allied-Bruce*, 513 U.S. at 282. The Court will not extrapolate from some general job descriptions that Plaintiff did in fact engage in interstate commerce as Fire Chief.

Accordingly, the Court requires the parties to submit additional evidence, in the form of an affidavit or otherwise, to shed light on the duties Plaintiff performed in fact, and whether those duties affected interstate commerce or not.

**IT IS THEREFORE ORDERED** requiring Defendants to submit additional evidence, consistent with this Order, within 10 days of this Order.

**IT IS FURTHER ORDERED** giving Plaintiff 7 days from the date of Defendants' supplemental filing to submit his own additional evidence.

Dated this 27th day of September, 2019.

Honorable John J. Tuchi
United States District Judge

---

[1] Defendants assert, without providing evidence, that this required Plaintiff to "recruit individuals from other states" and that the "plain terms of [the] Employment Agreement provide a list of transactions involving interstate commerce." The Agreement does not state that Plaintiff had to hire people from outside Arizona or purchase equipment or supplies from out-of-state. Defendants also point out that the job involved working and coordinating with out-of-state governments and agencies. Without more, the Court is unable to conclude whether performing administrative duties with various governmental agencies qualifies as "interstate commerce."