**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Eder, | No. CV-19-08101-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Northern Arizona Consolidated Fire District #1, *et al.*, | |
| Defendants. | |

At issue is Defendant Patrick Moore's Motion to Dismiss (Doc. 27, Mot.), to which Plaintiff filed a Response (Doc. 33, Resp.) and Defendant[1] filed a Reply (Doc. 34, Reply). In his Response, Plaintiff requested leave to amend the Complaint in the event that the Court grants Defendant's Motion to Dismiss. Because the parties' briefs were adequate for the Court to resolve the issues raised in Defendant's Motion, the Court declined to hold oral argument on the briefs. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants Defendant's Motion and grants Plaintiff leave to file his First Amended Complaint.

**I.     BACKGROUND**

Plaintiff is a former Fire Chief of the Northern Arizona Consolidated Fire District #1 ("NACFD"). He acted as Interim Fire Chief from March through October 2017, at which time he came under contract to serve as Fire Chief until December 2018. (Doc. 30

---

[1] For purposes of this Order, "Defendant" refers only to Defendant Patrick Moore. Defendants Northern Arizona Consolidated First District #1 and Mike Collins, Erik Berg, Carl Hays, John Bryant, and Jim Bailey filed a Motion to Dismiss and Compel Arbitration (Doc. 30), which the Court resolves by separate Order. Defendants Jake Rhoades and the City of Kingman have filed an Answer to the Complaint. (Doc. 10.)

1  Ex. A; Doc 40.) Plaintiff's contract of employment was terminated on May 23, 2018. (Doc. 1, Compl. at 3.) He alleges that, while he was on temporary medical leave, the NACFD Board Members held an unauthorized and illegal meeting in which they voted to terminate him prior to the expiration of his contractual employment term. (Compl. at 3.) Plaintiff alleges that his termination "was, among other things, retaliatory, politically motivated, unlawful, and a violation of his employment contract and the Fair Wages and Healthy Family Act." (Compl. at 4.)

In his Complaint, Plaintiff brought nine claims against multiple Defendants. Only one—Count VII, a claim for civil conspiracy—is brought against Defendant, also a former Fire Chief of NACFD who resigned from that position in 2016 and was subsequently hired by Mike Collins at RM Excavation. (Compl. at 5, 9.) According to the Complaint, Defendant's acts and misrepresentations occurred while he was employed as Fire Chief of NACFD. (Compl. at 4.) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss the claim against him. (Mot. at 1.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Count VII: Civil Conspiracy

Defendant argues that Plaintiff failed to state a claim for civil conspiracy because the Complaint fails to allege that Defendant committed an underlying tort. (Mot. at 3–7.) Plaintiff responds that the Complaint properly alleges the underlying torts of wrongful termination and defamation and the conspiracy to commit those torts. (Resp. at 3–4.)

Under Arizona law, "[f]or a civil conspiracy to occur, two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002). However, an agreement alone "to do a wrong imposes no liability; an agreement plus a wrongful act" is necessary to establish liability. *Id.* at 36 (citing *Baker v. Stewart Title & Tr. of Phx.*, 5 P.3d 249, 256 (Ariz. Ct. App. 2000)). Therefore, a complaint for civil conspiracy must sufficiently plead that the alleged conspirators (1) had an agreement to commit an underlying tort, and (2) accomplished that tort. *Id.* at 36. A plaintiff must establish both elements by clear and convincing evidence. *Wells Fargo Bank*, 38 P.3d at 37; *Collins v. Wells Fargo Bank*, No. CV–12–2284–PHX–LOA, 2013 WL 1092894, at *7 (D. Ariz. Mar. 15, 2013).

In his Response, Plaintiff correctly states that a conspiratorial agreement can be inferred from the nature of the acts, the relationship of the parties, and the interests of the conspirators. *See Mohave Elec. Co-op, Inc. v. Byers,* 942 P.2d 451, 465 (Ariz. Ct. App. 1997). Plaintiff argues that Collins's hiring of Defendant demonstrates a close relationship between the two parties, supporting a tacit agreement to commit a tort against Plaintiff. However, the Complaint itself merely states that Collins, a NACFD Board Member at the time Plaintiff was terminated, hired Defendant sometime after Defendant resigned as Fire Chief in 2016. (Compl. at 5.) The Court cannot infer from this singular fact that an agreement to commit an underlying tort existed. Beyond that, Plaintiff relies on a formulaic recitation of the elements of a civil conspiracy claim, which is insufficient to state a claim for relief against Defendant under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555.

Moreover, the allegations in the Complaint do not support the claim that Defendant engaged in any underlying tort. As noted above, Plaintiff maintains that the Complaint alleges the underlying torts of defamation and wrongful termination. To assert a claim for defamation, a plaintiff must allege facts to support "(1) that the defendant made a false statement; (2) that the statement was published or communicated to someone other than the plaintiff; and (3) that the statement tends to harm plaintiff's reputation." *Ogundele v. Girls Scouts-Ariz. Cactus Pine Council, Inc.*, No. CV-10-1013-PHX-GMS, 2011 WL 1770784, at *8 (D. Ariz. May 10, 2011) (citing *Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)); *see also Spratt v. N. Auto. Corp.*, 958 F. Supp. 456, 465 (D. Ariz. 1996). And under Arizona law, an employee has a claim against an employer for wrongful termination if the "employer has terminated the employment relationship . . . in breach of an employment contract." A.R.S. § 23-1501(A)(3)(a).

Setting aside the fact that the Complaint failed to even name Defendant in either the wrongful termination or defamation claims, Plaintiff does not allege any facts to support the claim that Defendant participated in the commission of these torts. With respect to wrongful termination, the Complaint does not demonstrate that Defendant acted as Plaintiff's employer or had any involvement in Plaintiff's termination at NACFD. Indeed, Defendant had not worked for NACFD since 2016, at least seventeen months before the alleged meeting at which NACFD and the Board decided to terminate Plaintiff. (Compl. at 5.) With respect to defamation, the Complaint only states that Defendant's misrepresentations against Plaintiff were made during his employment at NACFD, which, again, ended in 2016. This singular, conclusory allegation is insufficient to support a defamation claim.

The Complaint fails to adequately allege either that Defendant had an agreement to commit an underlying tort or that he committed an underlying tort. Therefore, Plaintiff fails to state a claim for civil conspiracy against Defendant.

**B.     Leave to Amend**

If the Court grants a Rule 12(b)(6) motion to dismiss but a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez*

*v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, because Plaintiff may be able to cure the defect in his claim against Defendant, the Court will give him an opportunity to amend. The Court advises that Plaintiff should only file an amended Complaint if he is able to cure the defect. If Plaintiff files an amendment that fails to comply with this Order, the Court will dismiss the action against Defendant with prejudice.

**IT IS THEREFORE ORDERED** granting Defendant Patrick Moore's Motion to Dismiss (Doc. 27).

**IT IS FURTHER ORDERED** granting Plaintiff leave to file a First Amended Complaint within 14 days of this Order, only if and to the extent he can cure the defect in Count VII against Defendant.

Dated this 28th day of October, 2019.

Honorable John J. Tuchi
United States District Judge