**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Eder, | No. CV-19-08101-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Northern Arizona Consolidated Fire District #1, *et al.*, | |
| Defendants. | |

At issue is Defendant Jake Rhoades's Motion for Judgment on the Pleadings (Doc. 48, Mot.),[1] to which Plaintiff filed a Response (Doc. 54, Resp.) and Defendant filed a Reply (Doc. 55, Reply). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants Defendant's Motion.

**I.  BACKGROUND**

Defendant is the Fire Chief for the City of Kingman Fire Department. (Doc. 44, First Am. Compl., FAC ¶ 15.) Plaintiff was the Fire Chief for the Northern Arizona Consolidated Fire District #1 ("NACFD") from March 2017 until his termination on May 23, 2018. (FAC ¶ 10.) Plaintiff alleges that, while he was on temporary medical leave, the NACFD Board Members held an unauthorized and illegal meeting in which they voted to terminate him prior to the expiration of his contractual employment term. (FAC ¶¶ 12, 14.)

---

[1] Defendant and the City of Kingman filed the Motion together, but on January 22, 2020, the Court granted Plaintiff's oral Motion to Dismiss the only claim against the City. (Doc. 61.) Accordingly, "Defendant" in this Order refers only to Jake Rhoades.

The Court has ruled on several motions to dismiss in this matter, after which Plaintiff filed his First Amended Complaint ("FAC"). What presently remains of the FAC are claims of (1) defamation and (2) intentional interference with contractual relations, both alleged against Defendant and Patrick Moore. Defendant filed an Amended Answer (Doc. 46) and moved for judgment on the pleadings at the same time on the grounds that Plaintiff's FAC fails to state a claim against him. (Doc. 48.) Plaintiff's Response does not appear to challenge the arguments raised in Defendant's Motion, but instead proposes additional factual allegations to the FAC. Defendant's Reply contends that the proposed additions would not cure the defects in the FAC. Accordingly, Defendant asks the Court to deny Plaintiff's request to amend and grant Defendant's Motion for Judgment on the Pleadings. Also pending is Moore's Motion to Dismiss the claims against him, which the Court will resolve by separate Order.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Specifically, a complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

The Court first addresses Plaintiff's assertion that Defendant's Motion is premature. Citing *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005), Plaintiff argues that when there is a party who has not yet filed an answer (here, Moore), the pleadings are not "closed" for Rule 12(c) purposes. However, as Defendant notes, *Doe* involved a Rule 12(c) motion brought by the *plaintiff* before the sole defendant in the action answered—quite unlike the present situation. Here, it makes little sense to require Defendant to wait for Moore, an unrelated co-defendant, to file an answer before the Court rules on Defendant's Motion. *See Paskenta Band of Nomlaki Indians v. Crosby*, 2016 WL 6094468, at *3 (E.D. Cal. Oct. 19, 2016). The Court thus exercises its discretion to rule on Defendant's Motion, notwithstanding another defendant's pending Rule 12(b)(6) motion. *See id.*

### A. Defamation

Because Plaintiff does not substantively refute Defendant's claim that the FAC fails to state to a claim but instead proposes additional factual allegations, the Court will determine whether Plaintiff's proposed amendments to the FAC would state a claim for relief. Considering the FAC together with the proposed additions Plaintiff sets forth in his Response, the factual allegations against Defendant are as follows:

- Defendant "acted surreptitiously and knowingly interfered with Plaintiff's employment and employment contract by, among other things, creating a false accusation which detrimentally impacted Plaintiff['s] employment."

- On May 14, 2019, Defendant made false representations to the NACFD that:
    1. "Plaintiff was failing to perform his duties as fire chief;"
    2. Plaintiff's "response times including mutual aid response times was [sic] deficient;"
    3. "[T]he tender did not have water in the tanks;" and
    4. Plaintiff "compromised the safety and operations of the fire district."

- Defendant published or communicated these false statements to Carl Cooper, City Attorney; Ron Foggin, City Manager; Jim Bailey, NACFD Board of Directors; and Mike Collins, NACFD Board of Directors.

- "The statements harmed Plaintiff's reputation and caused him damages, including negative publicity, loss of his employment, damage to his reputation in the northern Arizona fire service community has been detrimentally impacted, which has resulted in the inability to secure comparable gainful employment, depression, anxiety, and emotional distress that has manifested into physical symptoms."

(FAC ¶ 15; Resp. at 3.)

To state a claim for defamation under Arizona law, Plaintiff must allege that (1) Defendant made a false and unprivileged statement; (2) the statement was published or communicated to someone other than Plaintiff; and (3) the statement tends to harm Plaintiff's reputation. *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989); *Lundin v. Discovery Commc'ns Inc.*, 352 F. Supp. 3d 949, 960 (D. Ariz. 2018). If the communication concerns a public official, Plaintiff must prove Defendant acted with "actual malice," *i.e.*, actual knowledge of the statement's falsity or conscious disregard for its truth. *Dombey v. Phoenix Newspapers, Inc.*, 724 P.2d 562, 572 (1986). Defendant contends Plaintiff, as Fire Chief of the NACFD, is a public official. (Reply at 2.)

Whether a plaintiff is a public official is a question of law. *See Lewis v. Oliver*, 873 P.2d 668, 674 (Ariz. Ct. App. 1993). "The 'public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." *Id.* (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 85 (1966)). Arizona courts take an expansive view on what constitutes a public official, finding that police officers, teachers, narcotics agents, county sheriffs, "lower rung" FAA inspectors, student senators, and IRS agents are all public officials. *See id.* at 675 (listing cases).

In light of these comparators, as well as the substantial governmental responsibility that arises from overseeing a fire district servicing a sizable chunk of Northeast Arizona, the Court finds Plaintiff is a "public official" under Arizona law. Accordingly, Plaintiff

must prove Defendant acted with actual malice in making the statements, which Plaintiff has not alleged. For this reason alone, Plaintiff's proposed amendment fails to state a claim.

The Court must further determine if Defendant's statements are even capable of defamatory meaning. A statement regarding a matter of public concern, like the four alleged statements here, is actionable only if it is provable as false. *Turner v. Devlin*, 848 P.2d 286, 290 (Ariz. 1993). If not, the claim is subject to dismissal. *See Yetman v. English*, 811 P.2d 323, 331 (Ariz. 1991). Arizona courts have found statements concerning "subjective impression[s] of Plaintiff's credibility and job performance" nonactionable. *E.g.*, *Hinchey v. Horne*, No. CV13-00260-PHX-DGC, 2013 WL 4543994, at *9 (D. Ariz. Aug. 28, 2013). Further, a publication is nonactionable if it is comprised of "loose, figurative, or hyperbolic language" that cannot reasonably be interpreted as stating or implying facts susceptible of being proved true or false. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990). "The crucial inquiry is whether the finder of fact could employ an objective criteria [sic] to determine the statement's truth or falsity." *Pinal Cty. v. Cooper ex rel. Cty. of Maricopa*, 360 P.3d 142, 147 (Ariz. Ct. App. 2015).

The Court finds that Statements 2 and 4 are *potentially capable* of being proven false, but Plaintiff has alleged no facts demonstrating that they are provably false. *True N. Companies LLC v. Lai*, 2019 WL 5152255, at *5 (Ariz. Ct. App. Oct. 15, 2019) ("As the plaintiff, True North bore the burden of alleging facts that, if true, proved the statements' falsity.") The other two statements are nonactionable. Statement 1 is akin to a loose and subjective impression of Plaintiff's job performance. *See Hinchey*, 2013 WL 4543994, at *9 (finding nonactionable the defendant's statements that the plaintiff was incompetent, a rogue investigator, hard to work with, and can't be trusted); *see also Pinal Cty.*, 360 P.3d at 147. Statement 3 does not reflect aversely on Plaintiff's reputation or character—indeed, it does not even pertain to Plaintiff—and therefore is not defamatory.

In any event, Plaintiff has failed to allege Defendant made any of the statements with actual malice. Therefore, the FAC, together with the proposed amendments in the Response, fail to state a claim for defamation.

### B. Intentional Interference with Contractual Relations

To state a claim for intentional interference with contractual relations, Plaintiff must allege sufficient facts to show: (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferer; (3) intentional interference inducing a breach or termination of the relationship; (4) damage to the party whose relationship has been disrupted; and (5) the interferer acted improperly. *Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 211 (Ariz. 1986).

The allegations against Defendant fall short of giving rise to a claim for intentional interference with contractual relations. The gist of the allegations is that Defendant, as Fire Chief of the City of Kingman, made statements to two NACFD Board members, the City Attorney, and the City Manager—statements illustrating concern for or skepticism about Plaintiff's performance as Fire Chief. Beyond Plaintiff's conclusory assertions[2] and a recitation of the elements of the claim, Plaintiff does not allege any facts to show how Defendant's statements were improper, that they induced the NACFD to breach its contract with Plaintiff, or that Defendant intended such a result. Plaintiff's conclusory statements are inadequate to state a plausible claim for intentional interference with contractual relations against Defendant.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before his claims are dismissed with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, given the nature of the alleged statements and Defendant's position as Fire Chief for the City of Kingman, the Court is skeptical that Plaintiff can plausibly allege a claim for either defamation or intentional interference with contractual relations. Nonetheless, the Court will permit Plaintiff to amend the FAC as to the claims against Defendant Jake Rhoades. As the Court admonished in a separate Order concerning a co-

---

[2] The FAC states, "The wrongful acts and false and misleading representations by [Defendant and others] resulted in Plaintiff's termination by NACFD and its Board. . . . [Defendant and others] engaged in wrongful conduct to effectuate the termination of Plaintiff Eder's employment and breach of his employment agreement. (FAC ¶ 17; *see also* Resp. at 4.)

defendant (Doc. 42), Plaintiff shall only file an amendment if it will cure the defects in the FAC. Failure to do so will result in dismissal of Plaintiff's claims with prejudice.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Judgment on the Pleadings (Doc. 48). Plaintiff has 14 days from this Order to file a Second Amended Complaint. If Plaintiff fails to cure the defects, the Court will dismiss his claims against Defendant with prejudice.

Dated this 19th day of March, 2020.

Honorable John J. Tuchi
United States District Judge