**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Eder,<br><br>           Plaintiff,<br><br>v.<br><br>Northern Arizona Consolidated Fire District #1, *et al.*,<br><br>           Defendants. | No. CV-19-08101-PCT-JJT<br><br>**ORDER** |

At issue is Defendant Patrick Moore's Motion to Dismiss First Amended Complaint (Doc. 45, Mot.), to which Plaintiff filed a Response (Doc. 50, Resp.) and Defendant filed a Reply (Doc. 53). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants in part and denies in part Defendant's Motion.

**I.     BACKGROUND**

Defendant is a former Fire Chief of the Northern Arizona Consolidated Fire District #1 ("NACFD"). (Doc. 44, First Am. Compl., FAC ¶ 17.) He resigned from that position in 2016 and began working for Mike Collins, an NACFD Board Member, at a private excavation company. (FAC ¶¶ 10, 17.) Plaintiff then served as Fire Chief from March 2017 until his termination on May 23, 2018. (FAC ¶ 10.) Plaintiff alleges that, while he was on temporary medical leave, the NACFD Board Members held an unauthorized and illegal meeting in which they voted to terminate him prior to the expiration of his contractual employment term, which was set to expire in December 2018. (FAC ¶¶ 12, 14.)

Plaintiff's original Complaint contained nine claims against multiple Defendants, including the NACFD Board Members, Defendant Moore, Jake Rhoades, and the City of Kingman. On October 28, 2019, the Court dismissed the single claim against Defendant, civil conspiracy, for failure to state a claim and granted Plaintiff leave to amend. (Doc. 42.) The Court warned, however, that an amendment that failed to cure the defects would result in dismissal with prejudice. (Doc. 42 at 5.) The Court also dismissed via separate Order the claims against the NACFD Board Members pursuant to an arbitration clause in Plaintiff's contract of employment. (Doc. 43.)

Plaintiff's First Amended Complaint ("FAC") alleges three claims: (1) defamation against Defendant and Rhoades; (2) civil conspiracy against Defendant, Rhoades, and the City of Kingman; and (3) intentional interference with contractual relations against Defendant and Rhoades. (FAC at 4–6.) At the Scheduling Conference held on January 22, 2020, the Court granted Plaintiff's oral Motion to Dismiss Count 2. (Doc. 61.) Thus, all that remains are the claims of defamation and intentional interference with contractual relations against Defendant and Rhoades. Defendant now moves to dismiss both claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will resolve the claims against Rhoades by separate Order.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108

(9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III. ANALYSIS**

    **A. Defamation**

To state a claim for defamation under Arizona law, Plaintiff must allege that (1) Defendant made a false and unprivileged statement; (2) the statement was published or communicated to someone other than Plaintiff; and (3) the statement tends to harm Plaintiff's reputation. *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989); *Lundin v. Discovery Commc'ns Inc.*, 352 F. Supp. 3d 949, 960 (D. Ariz. 2018).

The FAC alleges Defendant "made false statements to third parties which directly impacted Plaintiff's employment, including that Plaintiff [] had stolen $1,000,000 from NACFD on multiple occasions." (FAC ¶ 17.) These "misrepresentations against Plaintiff were performed and executed during Plaintiff's employment as Chief of NACFD." (FAC ¶ 17.) The FAC alleges Defendant knew the statements were false at the time they were made. (FAC ¶ 25.)[1] Finally, the FAC goes on to state that Plaintiff was terminated from his job, that he lost his source of income and insurance, and that his livelihood and reputation have significantly deteriorated.

Defendant first argues the FAC "simply added conclusory language about [Defendant's] alleged 'false statements' and 'false and misleading representations'" and thus fails to state a claim for defamation. (Mot. at 4.) Noticeably absent from Defendant's analysis, however, is the FAC's allegation that Defendant told third parties on multiple occasions that Plaintiff had stolen $1,000,000 from the NACFD. (*See* FAC ¶ 17.) But Defendant's attempt to bypass that allegation does not in fact eliminate it from the pleading.

---

[1] The Court notes that Defendant has not argued that Plaintiff is a public official or that the statement concerned a public matter, which both require proof that Defendant acted with "actual malice," *i.e.*, knowledge of the statement's falsity or conscious disregard for its truth. *Dombey v. Phoenix Newspapers, Inc.*, 724 P.2d 562, 572 (1986). In fact, the Response set forth the lower standard for a private person plaintiff: negligence in ascertaining the truth of the statement. (Resp. at 4.) In either event, the Court finds the FAC has sufficiently alleged that Defendant made a false statement knowing it was false, which satisfies the standard for either a public official or a private person.

- 3 -

The FAC alleges who made the defamatory statement (Defendant), what that defamatory statement was (that Plaintiff stole $1,000,000), and when it was made (during Plaintiff's employment as Chief). This is enough to put Defendant on notice of the claim against him and the grounds upon which it rests—all that is needed at the pleading stage.[2] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001); *see also Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2016 WL 5871502, at *1 (D. Ariz. Oct. 7, 2016) (plaintiffs sufficiently pled a defamation claim by alleging the defendant told people and news outlets that the plaintiffs "had conspired to defraud and defrauded the United States by violating VA Regulations regarding educational benefits for its veteran students").

Defendant also argues Plaintiff's defamation claim is time-barred. The limitations period for a defamation claim is one year. A.R.S. § 12–541(1). The general rule is that the claim accrues on the date of publication of the defamatory statement, *i.e.*, when the statement was communicated to a third person. *Boatman v. Samaritan Health Serv.*, 812 P.2d 1025, 1031 (Ariz. Ct. App. 1990). Arizona law also permits limited application of the discovery rule to defamation claims. "The discovery rule holds that when defamatory statements are published in a manner in which they were peculiarly likely to be concealed from the plaintiff, the cause of action accrues when the plaintiff discovers the statements or reasonably should have discovered them." *Carey v. Maricopa Cty.*, No. CV–05–2500–PHX–ROS, 2009 WL 750220, at *6 (D. Ariz. Mar. 10, 2009) (citing *Clark v. AiResearch Mfg. Co. of Ariz., Inc.*, 673 P.2d 984, 986 (Ariz. Ct. App. 1983)). However, "clandestine" remarks or "remarks made among co-workers and their associates" are not enough. *Id.* "[The] rule is limited to things which are, by actual rule of confidentiality or privacy, inaccessible to the wronged party." *Id.*

---

[2] Defendant also argues Plaintiff's claim is not actionable because it only alleges that Defendant's statements "impacted Plaintiff's employment." (Mot. at 4, citing FAC ¶ 17.) However, Defendant's alleged statements impeach Plaintiff's integrity and reputation within his vocational field and thus may constitute slander *per se*, for which damages need not be proven. *Wichansky v. Zowine*, 150 F. Supp. 3d 1055, 1075 (D. Ariz. 2015); *Ultimate Creations, Inc. v. McMahon,* 515 F. Supp. 2d 1060, 1067 (D. Ariz. 2007). Further, Plaintiff did allege that he suffered damages: loss of employment and benefits.

Here, Plaintiff alleges he first learned of Defendant's defamatory statements in April 2019. (FAC ¶ 17.) The Response specifies that the statements were made apparent to him "during criminal proceedings in April 2019." (Resp. at 4.) To determine whether the statements were inaccessible to Plaintiff before the referenced criminal proceedings because of confidential or privacy rules would involve questions of fact and presentation of evidence. Dismissal on limitations grounds is therefore inappropriate at this stage. *See Clark*, 673 P.2d at 987 (assessing applicability of discovery rule to the plaintiff's defamation claim at summary judgment phase); *Breeser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150, 1162 (D. Ariz. 2013), *aff'd*, 622 F. App'x 649 (9th Cir. 2015) (same).

Further, it is not clear that publication of the statements occurred more than one year before this action was brought. Plaintiff's termination of employment occurred on May 23, 2018. The case was originally filed on April 4, 2019, approximately ten months later. (*See* Doc. 1.) Contrary to Defendant's misrepresentation that the FAC alleges the defamatory statements were made during Defendant's tenure as Chief, and therefore occurred in 2016 at the latest, (Mot. at 5 n.2), the FAC alleges the statements were made during *Plaintiff's* employment. (FAC ¶ 17.) Therefore, the statements could have occurred between April 4 and May 23, 2018, making a defamation claim timely without reliance on the discovery rule. Because it is not clear "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998), the Court will not dismiss the defamation claim as untimely at this stage.[3] *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1045 (9th Cir. 2011) (holding courts may dismiss a complaint only "[i]f the running of the statute is apparent on the face of the complaint").

---

[3] Even though Plaintiff alleged defamation against Defendant for the first time in the FAC, the limitations period relates back to the original Complaint. When an amended pleading "asserts a claim that arose out of the conduct . . . set out—or attempted to be set out—in the original pleading" against a defendant named in the original pleading, like Defendant was here, the limitations period relates back. Fed. R. Civ. P. 15(c)(1); *see also Martell v. Trilogy Ltd.*, 872 F.2d 322, 327 (9th Cir. 1989) (holding a new claim added against a party already named as a defendant related back because the claims shared a common core of operative facts).

## B. Intentional Interference with Contractual Relations

To state a claim for intentional interference with contractual relations, Plaintiff must allege sufficient facts to show: (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferer; (3) intentional interference inducing a breach or termination of the relationship; (4) damage to the party whose relationship has been disrupted; and (5) the interferer acted improperly. *Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 211 (Ariz. 1986).

The Court has already set forth the entirety of the FAC's allegations against Defendant: he was the Fire Chief of the NACFD until he resigned in 2016, at which time he was hired by Mike Collins, an NACFD Board Member; he told third parties on multiple occasions that Plaintiff had stolen $1,000,000 from the NACFD; he knew the falsity of the statements; the statements impacted Plaintiff's employment and reputation.

These allegations fall short of giving rise to a claim for intentional interference with contractual relations. For starters, although it alleges Defendant falsely stated that Plaintiff stole money from the NACFD, nowhere other than in its conclusory recitation of the elements does the FAC allege Defendant knew about a contract between Plaintiff and the NACFD. It also fails to allege, beyond conclusory statements, that Defendant caused the NACFD to breach its contract with Plaintiff, and more importantly, that Defendant intended such a result.[4] Instead, the FAC makes allegations of wrongs—many of them vague—against several Defendants and non-parties, and then states the NACFD Board, of which Defendant was not alleged to be a member, held an illegal meeting in which they decided to terminate Plaintiff. It does not allege or imply that the NACFD relied on or even had knowledge of Defendant's statement in making its decision to terminate Plaintiff. The FAC simply fails to allege factual content that allows the Court to draw the reasonable inference that Defendant intentionally induced a breach of Plaintiff's employment contract.

---

[4] The intentional component is a crucial distinction between the defamation and the intentional interference claims. While a defamatory statement could have played a role in Plaintiff's termination or otherwise affected his employment, that does not mean Defendant, in making the defamatory statement, intended to induce the NACFD to breach Plaintiff's employment contract.

Accordingly, the claim for intentional interference with contractual relations against Defendant is dismissed. The Court finds Plaintiff cannot state a plausible claim for intentional interference with contractual relations against Defendant and therefore, pursuant to its Order on October 28, 2019 (Doc. 42), dismisses it with prejudice.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Motion to Dismiss First Amended Complaint (Doc. 45). Plaintiff's claim for intentional interference with contractual relations is dismissed with prejudice as to Defendant Patrick Moore.

Dated this 19th day of March, 2020.

Honorable John J. Tuchi
United States District Judge